## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA SHANNON, as Personal Representative of the Estate of Michael Gibson, deceased<br>13600 Wild Quail Place<br>Bryantown, MD  20617<br><br>        Plaintiffs,<br><br>        v.<br><br>DISTRICT OF COLUMBIA,<br>SERVE:  Office of the Atty. General<br>        Darlene Fields, Tanya<br>        Robinson and Gail Rivers<br>        441 Fourth Street, N.W., #419<br>        Washington, D.C.  20001<br><br>        and<br><br>        Mayor Adrian Fenty<br>        c/o Office of the Secretary<br>        Tabatha Braxton, Arltethia<br>        Thompson and Erica Easter<br>        441 Fourth Street, N.W.<br>        6th Floor South<br>        Washington, D.C.  20001<br><br>        and<br><br>METRO HOMES, INC.<br>Serve:    Maxwell Aseno,<br>          Registered Agent<br>          6856 Eastern Avenue, N.W.<br>          Suite 214<br>          Washington, D.C.  20012<br><br>          Defendants. | Civil Action No: |

## NOTICE OF REMOVAL

The District of Columbia received a copy of the Summons and Complaint in the above-captioned matter on or about August 24, 2007.  In Count VI of the Complaint, plaintiff asserts

federal constitutional claims against the District pursuant to 42 U.S.C. § 1983.  *See* Complaint, hereto attached.

According to 28 U.S.C. § 1446, parties have 30 days after the receipt of the complaint, through service or otherwise, to file its removal of an action to the Untied States District Court. Defendant District of Columbia hereby removes the above action pursuant to 28 U.S.C. §§ 1441 and 1446, from the Superior Court of the District of Columbia (C.A. No. 07-5202 B), to this Honorable Court.  Causes of action "founded on a claim or right arising under the Constitution, treaties or laws of the United States" are removable without regard to the citizenship or residence of the parties.  See 28 U.S.C. § 1441(b).

In compliance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders received by undersigned counsel in this matter are attached hereto and incorporated by reference herein.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

By:

MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-724-6649; 202-727-6295
E-mail:  Michael.bruckheim@dc.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing notice of removal was mailed, postage prepaid, this 24th day of September, 2007 to:

Joseph Cammarata, Esq.
The Law Building
1232 17th Street, N.W.
Washington, D.C. 20036

Metro Homes, Inc.
Mr. Maxwell Aseno, Registered Agent
6856 Eastern Avenue, N.W., Suite 214
Washington, D.C. 20012

MICHAEL P. BRUCKHEIM
Assistant Attorney General

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| **I (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Patricia G. Shannon, as Personal Representative of the Estate of Michael Gibson, deceased | District of Columbia Metro Homes, Inc. |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    88888 (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    11001 (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Joseph Cammarata, Esq. The Law Building 1231 17th Street, NW Washington, DC 20036 (202)-659-8600 | Michael Brickheim, Esq. Office of the Attorney General for DC 441 4th Street, NW 6th Floor-South Washington, DC 20001 (202)-724-6649 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

○ 2 U.S. Government Defendant

◉ 3 Federal Question (U.S. Government Not a Party)

○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)**    OR    **○ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original
Proceeding
● 2 Removed
from State
Court
○ 3 Remanded from
Appellate Court
○ 4 Reinstated
or Reopened
○ 5 Transferred from
another district
(specify)
○ 6 Multi district
Litigation
○ 7 Appeal to
District Judge
from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Plaintiff alleges in her complaint that the District of Columbia is violating her constitutional rights under 42 U.S.C. Section 1983.

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 10,000,000    Check YES only if demanded in complaint    JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 09/24/07    SIGNATURE OF ATTORNEY OF RECORD    *Alexis P. Pierce*

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

**PATRICIA G. SHANNON,** as Personal
Representative of the **ESTATE OF
MICHAEL GIBSON,** deceased,
13600 Wild Quail Place
Bryantown, MD 20617

        Plaintiffs,

    v.

**THE DISTRICT OF COLUMBIA**
**SERVE:** Office of the Atty. General
      Darlene Fields, Tanya
      Robinson and Gail Rivers
      441 Fourth Street, N.W. #419
      Washington, D.C. 20001

      and

      Mayor Adrian Fenty
      c/o Office of the Secretary
      Tabatha Braxton, Arltethia
      Thompson and Erica Easter
      441 Fourth Street, N.W.
      6th Floor South
      Washington, D.C. 20001

      and

**METRO HOMES, INC.**
**Serve:** Maxwell Aseno,
      Registered Agent
      6856 Eastern Avenue, N.W.
      Suite 214
      Washington, D.C. 20012

**0005202-07**

Civil Action No.

RECEIVED
Civil Clerk's Office

JUL 2 7 2007

Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT

    COMES NOW the Plaintiff, Patricia G. Shannon, as Personal Representative of the Estate of Michael Gibson, deceased ("the Plaintiff's decedent"), by and through her attorneys, Joseph Cammarata, and the law firm of Chaikin, Sherman, Cammarata and Siegel, P.C., and hereby respectfully represents as follows:

## JURISDICTION AND PARTIES

1.    This Court has jurisdiction of the within causes of action in that the actions complained of herein occurred in the District of Columbia, and in that the Defendants regularly conduct business in the District of Columbia.

2.    Upon information and belief, at all relevant times herein, Defendants District of Columbia ("D.C."), and/or Metro Homes, Inc. (hereinafter "Metro Homes"), inter alia, owned, leased, operated, supervised, funded, and/or managed Intermediate Care Facilities for the Mentally Retarded in the District of Columbia for developmentally disabled individuals who were citizens of the District of Columbia, including but not limited to the group home located at 927 55th Street, N.E., in the District of Columbia (hereinafter "the group home at issue").  These group homes were intended to provide, inter alia, custodial care, treatment and supervision to developmentally disabled individuals such as the Plaintiff's decedent herein.

3.    At all relevant times herein, Plaintiff's decedent, Michael Gibson, was a developmentally disabled citizen of the District of Columbia who resided at the group home at issue.  The decedent was abused and neglected while in the custody, care and control of the Defendants, and ultimately died on September 6, 2005.

4.    Plaintiff Patricia G. Shannon is the Personal Representative of the Estate of Michael Gibson, deceased, and

files this action on behalf of her deceased brother, under the Survival Act of the District of Columbia, and other Acts of the District of Columbia and Federal statutes, asserting claims for damages occasioned by Plaintiff's decedent's injuries as detailed herein, including decedent's pain and suffering.

5.    At all relevant times herein, Plaintiff relied upon the representations and medical treatments, of the Defendants, in that she, _inter alia_ entrusted the Defendants with the medical care and well-being of Plaintiff's decedent, Michael Gibson.


## BACKGROUND

Plaintiff repleads and incorporates by reference herein each and every allegation set forth above, and further states as follows:

6.    At all relevant times herein, while Plaintiff's decedent, Michael Gibson was residing at the group home at issue, Defendants D.C., and/or Metro Homes, acting by and through their actual and/or apparent agents, servants, and/or employees, failed to provide reasonable custodial care, treatment and supervision to the Plaintiff's decedent.

7.    The aforementioned Defendants, _inter alia_:

a.    improperly prescribed and/or administered medications to Plaintiff's decedent which were clearly having an adverse impact upon him;

b.    physically abused, assaulted and battered the

3

Plaintiff's decedent by, _inter alia_, improperly administering medications to him;

    c.   consistently failed to adopt and/or implement any reasonable needs assessments, plans of care, plans of medication administration, and/or behavior management plans in order to monitor Plaintiff's decedent's health, safety and well being;

    d.   otherwise consistently failed to properly follow Plaintiff's decedent's treatment, medication and/or habilitation plans;

    e.   failed to timely recognize the significance of the changes in Plaintiff's decedent's behavior and/or medical condition indicating a deterioration of Plaintiff's decedent's physical condition, and timely and reasonably respond to those changes;

    f.   failed to provide decedent's family with information upon which it could give their consent to the choice and dosage of the medications administered to Plaintiff's decedent.

    8.   At all relevant times herein, Defendant D.C., and/or Metro Homes, acting by and through their actual and/or apparent agents, servants and/or employees, recklessly, negligently, and/or with willful disregard for the Plaintiff's decedent's clearly-established federal constitutional and civil rights, failed to properly oversee the operation of the group home at issue and the staff members therein, and failed

4

to properly supervise and monitor the health and well-being of Michael Gibson, thus allowing him to be assaulted, battered, and neglected during the time he was under Defendants' care, as set forth above.

9.    As a direct and proximate result of this inadequate supervision, oversight, and care, and the consequent abuse and neglect of the Plaintiff's decedent as set forth above, Michael Gibson suffered, and ultimately choked on his food and asphyxiated on September 6, 2005.

10.    Nonetheless, despite obvious signs of trauma, distress, and suffering, Defendants, by and through their actual and/or apparent agents, servants and/or employees, acting in the course and scope of their employment at the group home, intentionally, recklessly, and/or negligently failed to reasonably administer or obtain proper medical treatment or other professional assistance for the Plaintiff's decedent.    Defendants, _inter alia_, failed to timely obtain necessary medical care and assistance, thereby causing the Plaintiff's decedent to suffer slowly and painfully, ultimately resulting in his death on September 6, 2005.

### COUNT I
(Survival Action/Assault & Battery)

Plaintiff repleads and incorporates by reference herein each and every allegation set forth above, and further states as follows:

11.    At all relevant times herein, actual and/or apparent

5

agents, servants, and/or employees of Defendants D.C., and/or Metro Homes, while acting in the course and scope of their employment, did, without just cause or provocation, and with unnecessary, unreasonable, wanton, reckless, malicious, and intentional use of force, physically abuse, assault and batter Plaintiff's decedent Michael Gibson, by, <u>inter alia</u>, improperly administering drugs, medications and/or other medical treatments to the Plaintiff's decedent.

12.   As a direct and proximate result of the aforesaid abuse, assaults and batteries, Plaintiff's decedent Michael Gibson was put in reasonable apprehension of imminent bodily injury, suffered severe injuries to his entire body, suffered great pain of body and mind, and ultimately died.

WHEREFORE, Plaintiff Patricia G. Shannon as Personal Representative of the Estate of Michael Gibson, deceased, demands judgment of and against the Defendants, District of Columbia, and Metro Homes, Inc., jointly and severally, in the full amount of Ten Million Dollars ($10,000,000.00), plus pre-judgment interest and costs.

## COUNT II
### (Survival Action / Negligence)

Plaintiff repleads and incorporates by reference herein each and every allegation set forth above and further states as follows:

13.   At all times mentioned herein, Defendants, acting by and through their actual and/or apparent agents, servants,

and/or employees, owed a continuing duty to, _inter alia_, provide custodial care, treatment and supervision to Plaintiff's decedent Michael Gibson, in a reasonable and prudent manner, with due regard for the health, safety and well-being of Plaintiff's decedent, who was dependent upon their care.

14. Defendants D.C., and/or Metro Homes, acting by and through their actual and/or apparent agents, servants, and/or employees, breached the duties owed to the Plaintiff and her decedent. Defendants were reckless and/or negligent in the care, treatment and supervision of the Plaintiff's decedent, Michael Gibson, including but not limited to the following particulars:

a. failing to properly oversee the group home at issue and the staff members therein;

b. failing to adequately supervise and monitor the health and well-being of the Plaintiff's decedent;

c. failing to ensure that the staff members had the appropriate background, training and experience to meet Plaintiff's decedent's treatment, medication and habilitative needs;

d. improperly prescribing and/or administering medications, to the Plaintiff's decedent which were clearly having an adverse impact upon him;

e. failing to timely recognize the significance of the changes in Plaintiff's decedent's behavior and/or medical

condition indicating a deterioration of Plaintiff's decedent's physical condition, and timely and reasonably respond to those changes.

f.    failing    to    properly    follow    the    Plaintiff's decedent's treatment, medication and habilitation plans;

g.    failing to adopt and/or implement any reasonable needs assessments, plans of care, and/or behavior management plans in order to monitor the Plaintiff's decedent's health, safety, and well-being;

h.    abusing, assaulting and/or battering the Plaintiff's decedent, and/or allowing him to be abused, assaulted and/or battered by _inter alia_, improperly administering medications, to him; and

i.    failing to respond in a reasonable and prudent manner to the Plaintiff's decedent's obvious signs of suffering and illness.

Plaintiff also relies on _res ipsa loquitur_.

15.    As a direct and proximate result of the aforesaid independent and/or concurrent acts of negligence, Plaintiff's decedent suffered severe injuries to his entire body, suffered great pain of body and mind, and ultimately died.

WHEREFORE, Plaintiff Patricia G. Shannon, as Personal Representative of the Estate of Michael Gibson, deceased, demands judgment of and against the Defendants, District of Columbia, and Metro Homes, Inc., jointly and severally, in the full amount of Ten Million Dollars ($10,000,000.00), plus pre-

judgment interest and costs.

## COUNT III
(Negligent Hiring/Training/Retention/Supervision)

Plaintiff repleads and incorporates by reference herein each and every allegation set forth above and further states as follows:

16. At all relevant times herein, Defendants D.C., and/or Metro Homes owed a continuing duty to reasonably, carefully and conscientiously secure the services of qualified and well-trained employees, and to reasonably hire, train, supervise, and retain their employees to reasonably assure, inter alia, that they would not abuse, assault, batter, overmedicate, humiliate, frighten, scar, and/or shock residents of Defendants' group homes, that they would provide custodial care, treatment and supervision to Defendants' residents in a reasonable and prudent manner, and that they would reasonably respond, in a timely and prudent manner, to emergency situations in which said residents were in need of medical and other professional assistance, so as not to subject such residents to unnecessary injury and/or death.

17. Defendants D.C., and/or Metro Homes breached the aforesaid duties owed to the Plaintiff and her decedent. Defendants, inter alia, failed to reasonably hire, train, supervise, and retain their employees, as set forth above, in that Defendants, inter alia, failed to hire, train, supervise, and retain employees who were experienced and credentialed to provide proper care, treatment and supervision to

9

developmentally disabled individuals such as the Plaintiff's decedent herein, e.g. medication administration.

18. Defendants further breached their duties in that they, inter alia, knew or should have known that their personnel were not qualified and/or properly trained to provide appropriate custodial care, treatment, and supervision to residents of the group home at issue, and that their personnel were in fact failing to provide such appropriate custodial care, treatment and supervision, and yet failed to take any appropriate action in response.

19. As a direct and proximate result of the aforesaid negligence, Plaintiff's decedent Michael Gibson, suffered severe injuries to his entire body, suffered great pain of body and mind, and ultimately died.

WHEREFORE, Plaintiff Patricia G. Shannon, as Personal Representative of the Estate of Michael Gibson, deceased, demands judgment of and against the Defendants, District of Columbia, and Metro Homes, Inc., jointly and severally, in the full amount of Ten Million Dollars ($10,000,000.00), plus pre-judgment interest and costs.

### COUNT IV
(Negligent Retention/Enforcement)

Plaintiff repleads and incorporates by reference herein each and every allegation set forth above, and further states as follows:

20. At all relevant times herein, Defendant D.C., acting by and through its actual and/or apparent agents, servants,

10

and/or employees, including but not limited to the Department of Human Services ("DHS") and/or the Mental Retardation and Developmental Disabilities Administration ("MRDDA"), was responsible for maintaining, managing, operating, funding, overseeing, and supervising the taxpayer-funded group home system in the District of Columbia.

21. As part of its management of the group home system, Defendant D.C., acting by and through its actual and/or apparent agents, servants, and/or employees, including but not limited to the DHS and/or MRDDA, did, at all relevant times, contract with and provide funding to private businesses and individuals, including but not limited to Defendant Metro Homes, Inc., for the purpose of having them own, operate, manage and maintain the various group homes in the District of Columbia, including but not limited to the group home at issue.

22. At all relevant times herein, the private entities and individuals which contracted with Defendant D.C., including but not limited to Defendant Metro Homes, were required to comply with applicable statutes, regulations, agreements, contracts, policies, procedures, and guidelines of or with the District of Columbia which governed the operation of group homes and the treatment, care and supervision of residents thereof.

23. At all relevant times herein, Defendant D.C., acting by and through its actual and/or apparent agents, servants, and/or employees, including but not limited to the DHS and/or

11

MRDDA, owed a continuing duty to, _inter alia_, retain only qualified, competent and well-trained individuals and/or entities for the purpose of owning, operating and managing group homes in the District of Columbia, and to reasonably oversee and supervise said individuals and/or entities and their employees by, _inter alia_, adequately enforcing the statutes, rules, regulations and guidelines of the District of Columbia which govern the operation of group homes and the treatment, care and supervision of residents thereof.

24. Defendant D.C., acting by and through its actual and/or apparent agents, servants, and/or employees, including but not limited to the DHS and/or MRDDA, breached the duties owed to the Plaintiff and his decedent by, _inter alia_, retaining unqualified and/or incompetent entities to own, operate, manage, and supervise group homes in the District of Columbia, including but not limited to the owner, manager and/or operator of the group home at issue, in that Defendant D.C. retained and/or contracted with Defendant Metro Homes, who intentionally, recklessly and/or negligently failed to provide proper custodial care, treatment and supervision to the Plaintiff's decedent, as set forth above.

25. Defendant D.C. further breached its duties, by failing to reasonably oversee and supervise Defendant Metro Homes and their employees, including those that worked at the group home at issue. Defendant D.C., _inter alia_, failed to adequately enforce its own contracts, rules, regulations and

12

guidelines, which govern the operation of group homes in the District of Columbia and the treatment, care and supervision of residents thereof, in that Defendant D.C., _inter alia_, failed to reasonably conduct investigations into the care, treatment, and supervision of the Plaintiff's decedent, and failed to take any remedial and/or disciplinary actions in response to abuse and neglect of which Defendant D.C. knew or should have known.

26. As a direct and proximate result of the aforesaid negligence, Plaintiff's decedent Michael Gibson, suffered severe injuries to his entire body, suffered great pain of body and mind, and ultimately died.

WHEREFORE, Plaintiff Patricia G. Shannon, as Personal Representative of the Estate of Michael Gibson, deceased, demands judgment of and against Defendant District of Columbia, in the full amount of Ten Million Dollars ($10,000,000.00), plus pre-judgment interest and costs.

## COUNT V
(Breach of Fiduciary Duty)

Plaintiff repleads and incorporates by reference herein each and every allegation set forth above, and further states as follows:

27. At all relevant times herein, Defendants D.C., and Metro Homes were _in loco parentis_ to decedent Michael Gibson, and were thus fiduciaries of the Plaintiff's decedent.

28. The District of Columbia, acting by and through its former Mayor, Anthony A. Williams, acknowledging that a

13

fiduciary relationship existed between Defendant D.C. and the Plaintiff's decedent, admitted that the District of Columbia had a "sacred trust to ensure the well-being of our most vulnerable clients," which included the Plaintiff's decedent.

29.    At all relevant times herein, Defendants D.C., and Metro Homes owed a continuing duty of loyalty and care to the Plaintiff's decedent, and a continuing duty, _inter alia_, to act at all times in good faith and in the best interests of the Plaintiff's decedent.

30.    Defendants D.C., and/or Metro Homes, acting by and through their actual and/or apparent agents, servants, and/or employees, breached their fiduciary duties to the Plaintiff's decedent, in that Defendants, _inter alia_, intentionally, recklessly and/or negligently failed to provide proper custodial care, treatment and supervision to the Plaintiff's decedent, as set forth above.

31.    Defendant D.C., acting by and through its actual and/or apparent agents, servants, and/or employees, including but not limited to the DHS and/or MRDDA, further breached its fiduciary duties by acting with deliberate indifference to the Plaintiff's decedent's clearly-established federal constitutional and civil rights, as set forth herein, and by failing to properly retain and supervise the entities and individuals who contracted with Defendant D.C. to operate group homes in the District of Columbia, including but not limited to Defendant Metro Homes, as set forth above.

14

32.  As a direct and proximate result of the aforesaid breaches of Defendants' fiduciary duties, Plaintiff's decedent Michael Gibson suffered severe injuries to his entire body, suffered great pain of body and mind, and ultimately died.

WHEREFORE, Plaintiff Patricia G. Shannon, as Personal Representative of the Estate of Michael Gibson, deceased, demands judgment of and against the Defendants, District of Columbia, and Metro Homes, Inc., jointly and severally, in the full amount of Ten Million Dollars ($10,000,000.00), plus pre-judgment interest and costs.

## COUNT VI
(Violation of Constitutional Rights - 42 U.S.C. § 1983)

Plaintiff repleads and incorporates by reference herein each and every allegation set forth above, and further states as follows:

33.  Upon information and belief, at all relevant times herein, Plaintiff's decedent, Michael Gibson, was an adult citizen of the United States, and thus had clearly-established rights under the Constitution of the United States.  The Plaintiff's decedent, _inter alia_, had a right under the Fourth Amendment to be free from unreasonable seizures of his person, and had a right under the Fifth Amendment to have his life, liberty and property protected by due process of law.

34.  At all relevant times herein, Defendant D.C. was a municipality, within the meaning of 42 U.S.C. § 1983, which, _inter alia_, managed, operated, governed, funded, oversaw, and

15

supervised the taxpayer-funded group home system in the District of Columbia. Defendant D.C. had authority over and could direct any instruction to or for employees of the agencies which shared responsibility for administering the group home system, including but not limited to the DHS, MRDDA and/or the Department of Health, as well as for the private entities and individuals (and their employees) with whom Defendant D.C. contracted for the purpose of providing services to the developmentally disabled.

35. At all relevant times herein, Defendant D.C. was responsible for the overall operation of the group home system, and for the hiring, training, instruction, supervision, and retention of, inter alia, all employees of the agencies which shared responsibility for administering the group home system, including but not limited to the DHS, MRDDA and/or the Department of Health, and the individuals and entities (including their employees) which contracted with Defendant D.C. for the purpose of providing services to the developmentally disabled. Defendant D.C.'s duties included but were not limited to, inter alia, (a) promulgating and enforcing rules, regulations, guidelines, policies, and procedures, to ensure, inter alia, that those employed by said agencies, entities and individuals were properly trained, supervised and retained in their employment, (b) directing and controlling all agency operations, and (c) developing and proposing programs and policies to the Mayor and City Council as necessary to

16

maintain an effective group home system.

36.  At all relevant times herein, Defendant D.C. and its agents, servants and/or employees, including but not limited to those in the DHS, MRDDA and/or the Department of Health, were acting under the color of law of the District of Columbia.

37.  At all relevant times herein, Defendant D.C. owed a continuing duty to reasonably ensure that the clearly-established federal constitutional and civil rights of its citizens, including the Plaintiff's decedent, were not violated.  Defendant had a duty to, _inter alia_, reasonably ensure that its citizens were not subject to violence or other unreasonable force, and to reasonably ensure that its citizens were not subject to unnecessary injury and/or death.

38.  At all relevant times herein, agents, servants and/or employees of the District of Columbia, acting within the course and scope of their employment and under the color of law invoked upon them by the District of Columbia, intentionally, or with reckless disregard, violated the clearly-established federal constitutional and civil rights of the Plaintiff's decedent, including but not limited to the following particulars:

a.  failing to reasonably oversee the group home at which the Plaintiff's decedent resided and the staff members therein;

b.  failing to adequately supervise and monitor the health and well-being of the Plaintiff's decedent;

17

c.   unreasonably   prescribing   medications   to   the Plaintiff's decedent which were clearly having an adverse impact upon him;

d.   failing   to   properly   follow   the   Plaintiff's decedent's treatment, medication and habilitation plans;

e.   failing to adopt and/or implement any reasonable needs assessments, plans of care, and/or behavior management plans in order to monitor the Plaintiff's decedent's health, safety, and well-being;

f.   abusing, assaulting and/or battering the Plaintiff's decedent, and/or allowing him to be abused, assaulted and/or battered by _inter alia_, improperly administering drugs or medications to the Plaintiff's decedent;

g.   failing to respond in a reasonable and prudent manner to the Plaintiff's decedent's obvious signs of suffering and illness, and to a situation in which he was in obvious need of medical and other professional assistance, as set forth above.

39.   At   all   relevant   times   herein,   these   negligent, intentional   and/or   reckless   actions   and   omissions simultaneously   constituted   violations   of   the   Plaintiff's decedent's clearly-established rights, _inter alia_ the Fourth and Fifth Amendment rights under the Constitution of the United States   of   America,   including   the   right   to   be   free   from unreasonable seizures of his person, and the right to have his life, liberty and property protected by due process of law.

40.  At all relevant times herein, the contours of the Plaintiff's decedent's constitutional rights were sufficiently clear that Defendant D.C.'s agents, servants and/or employees knew or should have known that their actions and omissions, set forth above, violated those constitutional rights, in that a reasonable governmental official would know that such conduct was violative of such rights.

41.  At all relevant times herein, the intentional and/or reckless actions and/or omissions of Defendant's D.C.'s actual and/or apparent agents, servants and/or employees, set forth above, were the result of a pattern, practice, policy and/or custom by Defendant D.C. of failing to properly hire, retain, supervise, and train its agents, servants and/or employees, and of failing to properly care for and monitor the well-being of its developmentally disabled citizens, including the Plaintiff's decedent.  Said pattern or practice was carried out either pursuant to Defendant D.C.'s policies and procedures, and/or in disregard of the policies and procedures then in effect.

42.  The actions and/or omissions of Defendant D.C.'s agents, servants and/or employees, set forth above, were also the result of a pattern, practice, policy or custom by Defendant D.C. of, inter alia, failing to properly and promptly investigate incidents involving injury or death to residents of the group home system, failing to properly and promptly investigate allegations or complaints of abuse and neglect in

19

the group home system, failing to properly discipline employees suspected of failing to properly carry out their duties, and failing to otherwise properly enforce the statutes, rules, regulations, guidelines, and/or agreements governing the operation of the group home system in the District of Columbia. Said pattern or practice was carried out either pursuant to Defendant D.C.'s policies and procedures, and/or in disregard of the policies and procedures then in effect.

43. At all relevant times herein, Defendant D.C.'s inadequate hiring, training, supervision, and retention of its employees, and its failure to properly care for and monitor the well-being of its developmentally disabled citizens, were so obvious, widespread, and likely to lead to continued violations of its citizens' constitutional rights, and the need for better training and supervision therefore so apparent, that Defendant D.C.'s continued failure to properly hire, retain, supervise and train its employees, and its continued failure to properly care for and monitor the well-being of its developmentally disabled citizens, amounted to deliberate indifference to the Plaintiff's decedent's constitutional rights.

44. At all relevant times herein, Defendant D.C.'s failure, inter alia, to properly and promptly investigate incidents involving injury or death to residents of the group home system, to properly and promptly investigate allegations or complaints of abuse and neglect in the group home system, to properly discipline employees suspected of failing to properly

20

carry out their duties, and to otherwise properly enforce the statutes, rules, regulations, guidelines, and/or agreements governing the operation of the group home system in the District of Columbia, were so obvious, widespread, and likely to lead to continued violations of its citizens' constitutional rights, and the need for improved investigations, discipline and enforcement therefore so apparent, that Defendant D.C.'s continued failure to properly carry out these functions amounted to deliberate indifference to the Plaintiff's decedent's constitutional rights.

45.    As a direct and proximate result of Defendant D.C.'s deliberate indifference to the Plaintiff's decedent's constitutional rights, as set forth above, and the resulting intentional and/or reckless violations of those clearly-established rights by Defendant D.C.'s actual and/or apparent agents, servants and/or employees, the Plaintiff's decedent suffered unlawful seizures of his person in violation of his constitutional rights, causing severe injury and pain, and had his life, liberty and property taken without due process of law.

WHEREFORE, Plaintiff Patricia G. Shannon, as Personal Representative of the Estate of Michael Gibson, deceased, demands judgment of and against Defendant District of Columbia, in the full amount of Ten Million Dollars ($10,000,000.00), plus pre-judgment interest, costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

21

# COUNT VII
## (Punitive Damages)

Plaintiff repleads and incorporates by reference herein each and every allegation set forth above, and further states as follows:

46. At all times mentioned herein, Defendants were in a superior position to the Plaintiff's decedent in that, _inter alia_, the Plaintiff's decedent was a disabled individual who was vulnerable and dependent upon Defendants' care and protection, and in that Defendants were, at all relevant times, in a unique position to be able to care for the Plaintiff's decedent and protect him from dangers of which Defendants were aware or should have been aware.

47. Defendants, acting by and through their actual and/or apparent agents, servants and/or employees, consciously, recklessly, wantonly, and/or with disregard of the Plaintiff's decedent's rights, health and well-being, failed to provide proper custodial care, treatment, and supervision to the Plaintiff's decedent, as set forth above, and instead provided care, treatment and supervision which Defendants knew or should have known to be inadequate.

48. At all relevant times herein, Defendants, acting by and through their actual and/or apparent agents, servants and/or employees, consciously disregarded the known risks created by their inadequate care and treatment of the Plaintiff's decedent.

49. Defendant D.C. further consciously, recklessly and/or wantonly disregarded the rights of the Plaintiff's decedent by, _inter_ _alia_, consistently failing to enforce the statutes, rules, regulations and guidelines of the District of Columbia governing the operation of group homes and the treatment, care and supervision of residents thereof, who were wards of the District of Columbia.

50. At all relevant times herein, the conscious, reckless, wanton, and/or willful actions and omissions of Defendants' agents, servants, and/or employees, as set forth above, were authorized and/or subsequently ratified by the Defendants, acting by and through their officers.

51. Defendants thus knowingly disregarded the health and well-being of the Plaintiff's decedent in a manner which was outrageous and which aggravated the injuries suffered by the Plaintiff's decedent.

WHEREFORE, Plaintiff Patricia G. Shannon, as Personal Representative of the Estate of Michael Gibson, deceased, demands judgment of and against the Defendants, District of Columbia, and Metro Homes, Inc., jointly and severally, in the full amount of Ten Million Dollars ($10,000,000.00), plus pre-judgment interest and costs.

## COUNT VIII

(Violation of Statutory Rights – D.C. Code § 7-1305 et. seq.)

Plaintiff repleads and incorporates by reference herein each and every allegation set forth above and further states as follows:

52. Upon information and belief, at all relevant times herein, Plaintiff's decedent, Michael Gibson, was a "mentally retarded" individual defined by D.C. Code § 7-1301.03, had rights including those defined by § 7-1305 et seq.. The decedent's rights defined by D.C. Code § 7-1305, et seq. included, inter alia, the right to habilitation and care suited to his needs, the right to a habilitation program which will maximize his human abilities, the right to be taught skills to help him learn how to effectively utilize his environment and make choices necessary for daily living, the right to receive habilitation and care consistent with a comprehensive evaluation and an individual habilitation plan, the right to prompt and adequate medical attention for any physical ailments, and the right to be free from mistreatment, neglect, or abuse in any form.

53. Defendant District of Columbia, and Defendant Metro Homes, Inc., acting by and through their actual and/or apparent agents, servants, and/or employees, breached the duties owed to Plaintiff's decedent by, inter alia, failing to reasonably ensure that Plaintiff's decedent's rights, including those defined by D.C. Code § 7-1305 et seq., were not violated, and

by failing to ensure that due regard be given for the health, safety, and well-being of Plaintiff's decedent, who was a mentally retarded resident of Defendants' facility dependent upon Defendants' care.

54. As a direct and proximate result of Defendants' deliberate indifference to decedent's statutory rights, as set forth above, Plaintiff's decedent suffered the injuries and damages set forth above.

55. Plaintiff's claim under D.C. Code § 7-1305.13 and § 7-1305.14 occasioned by the aforesaid injuries, includes a claim for reasonable attorney's fees and costs, as provided for by D.C. Code § 7-1305.13(e).

WHEREFORE, Plaintiff Patricia G. Shannon, as Personal Representative of the Estate of Michael Gibson, deceased, demands judgment of and against the Defendants District of Columbia and Metro Homes, Inc., jointly and severally, in the full amount of Ten Million Dollars ($10,000,000.00), plus pre-judgment interest, costs and attorneys' fees pursuant to D.C. Code § 7-1305.13(e).

### COUNT IX
(Violation of Statutory Rights - D.C. Code § 44-1004)

Plaintiff repleads and incorporates by reference herein each and every allegation set forth above and further states as follows:

56. Upon information and belief, at all relevant times herein, Plaintiff's decedent, was a resident of a "community

residence facility" operating in the District as defined under D.C. Code § 44-501(a)(4).  As a resident of such community residence facility, Plaintiff's decedent was protected under, inter alia, D.C. Code § 44-1004 et seq., to be free from the violation of any right established pursuant to D.C. Code § 44-504(a)(3) and (4).  Plaintiff's decedent's rights under this statute included, inter alia, the right to care and treatment in accordance with the standards set forth in 42 C.F.R. 483.

57.  Defendants, acting by and through their actual and/or apparent agents, servants, and/or employees, breached the duties owed to Plaintiff and her decedent by, inter alia, failing to reasonably ensure that Plaintiff's decedent's statutory rights, including the right to receive care and treatment in accordance with the standards set forth in 42 C.F.R. 483, were not violated.

58.  At all relevant times herein, actual and/or apparent agents, servants, and/or employees, of Defendants breached the duties owed to the Plaintiff and his decedent.  Defendants violated decedent's statutory rights, inter alia, by providing care and treatment which fell below the standards set forth by 42 C.F.R. 483.

59.  As a direct and proximate result of Defendants' deliberate indifference to decedent's statutory rights, as set forth above, Plaintiff's decedent suffered injuries and damages as set forth above.

60. Plaintiff's decedent's claim for damages occasioned by the aforesaid injuries, includes a claim for punitive damages, as also provided for by D.C. Code § 44-1004.03, and for attorney's fees and costs, as provided for by D.C. Code § 44-1004.04.

WHEREFORE, Plaintiff Patricia G. Shannon, as Personal Representative of the Estate of Michael Gibson, deceased, demands judgment of and against the Defendants District of Columbia and Metro Homes, Inc., jointly and severally, in the full amount of Ten Million Dollars ($10,000,000.00) plus pre-judgment interest, costs and attorneys' fees pursuant to D.C. Code § 44-1004.04.

## COUNT X
### (Lack of Informed Consent)

Plaintiff repleads and incorporates by reference herein each and every allegation set forth above, and further states as follows:

61. At all relevant times herein, Defendants D.C., and Metro Homes had a duty to fully inform Plaintiff and Plaintiff's decedent of, inter alia, decedent's medical condition, developmental and behavioral status, plans of care, plans of medication administration and/or behavior management plans, attendant risks of treatment or non-treatment, and the right to refuse treatment. As part of this duty, Defendants had the obligation to disclose to Plaintiff and Plaintiff's decedent the lack of, or inadequacy of, oversight and

supervision Defendants exercised over its actual and/or apparent agents, servants, and/or employees, and the lack of, or inadequacy of, the training and experience possessed by the staff of the group home at issue.

62.   Defendants breached the duties owed to Plaintiff and Plaintiff's decedent by failing to fully inform Plaintiff and Plaintiff's decedent as set forth above.

63.   As a direct and proximate result of the aforesaid breaches of duty, Plaintiff's decedent, Michael Gibson, suffered severe injuries to his entire body, suffered great pain of body and mind, and ultimately died.

WHEREFORE, Plaintiff Patricia G. Shannon, as Personal Representative of the Estate of Michael Gibson, deceased, demands judgment of and against the Defendants, District of Columbia, and Metro Homes, Inc., jointly and severally, in the full amount of Ten Million Dollars ($10,000,000.00), plus pre-judgment interest and costs.

Respectfully submitted,

**CHAIKIN, SHERMAN, CAMMARATA &
SIEGEL, P.C.**

Joseph Cammarata, Esquire
D.C. Bar No. 389254
The Law Building
1232 Seventeenth Street, N.W.
Washington, D.C. 20036
(202) 659-8600
Attorneys for Plaintiffs

28

## JURY DEMAND

Plaintiff does hereby request a trial by jury as to all issues triable herein.

_____
Joseph Cammarata



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

*Rec'd 7/27/07*
*10:00 am*

PATRICIA G SHANNON
    Vs.                                         C.A. No.    2007 CA 005202 B
DISTRICT OF COLUMBIA

### <u>INITIAL ORDER AND ADDENDUM</u>

    Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

    (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

    (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

    (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

    (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

    (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge THOMAS J MOTLEY
Date:  July 27, 2007
Initial Conference: 9:30 am, Friday, November 02, 2007
Location:  Courtroom 112
        500 Indiana Avenue N.W.
        WASHINGTON, DC  20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001   Telephone: 879-1133

Patricia G. Shannon, as Personal Representative of the
Estate of Michael Gibson, deceased

*Plaintiff*

0005202-07

vs.

District of Columbia - Serve: Ofc of the Atty. Gen. Darlene
Fields, Tanya Robinson & Gail Rivers

*Defendant*

Civil Action No. [          ]

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Joseph Cammarata, Esquire

Name of Plaintiff's Attorney

Chaikin, Sherman, Cammarata & Siegel, PC

Address

1232 17th Street, N.W., Wash., DC 20036

202/659-8600

Telephone

By _____
Deputy Clerk

Date July 27, 2007

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91    **NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.