IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA G. SHANNON, as Personal Representative of the ESTATE OF MICHAEL GIBSON, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>and<br><br>METRO HOMES, INC.<br><br>    Defendants.<br>_____ | Civil Action No.07-1698 (JR) |

**DEFENDANT DISTRICT OF COLUMBIA'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant District of Columbia ("Defendant District") answers the Complaint with particularity and in like-numbered paragraphs as follows:

**JURISDICTION AND PARTIES**

1. This Defendant District admits that this Court has jurisdiction over plaintiff's purported federal claims. Further answering, the remaining allegations in paragraph 1 are the legal and factual conclusions of the pleader to which no response is required.

2. The allegations in paragraph 2 are the legal and factual conclusions of the pleader to which no response is required

3.Defendant District admits that Michael Gibson resided at the group home at issue.  Further answering, the remaining allegations in paragraph 3 are the legal conclusions of the pleader to which no response is required.

4.Defendant District is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 4.  To the extent a response is deemed required, the allegations are denied and strict proof thereof is demanded.

5.Defendant District is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 5.  To the extent a response is deemed required, the allegations are denied and strict proof thereof is demanded.

## BACKGROUND

6.Defendant District denies the allegations in paragraph 6.

7.

a.Defendant District denies the allegations in paragraph 7a.

.b.Defendant District denies the allegations in paragraph 7b.

c.Defendant District denies the allegations in paragraph 7c.

d.Defendant District denies the allegations in paragraph 7d.

e.Defendant District denies the allegations in paragraph 7e.

f.Defendant District denies the allegations in paragraph 7f.

8.Defendant District denies the allegations in paragraph 8.

9.Defendant District denies the allegations in paragraph 9.

10.Defendant District denies the allegations in paragraph 10.

## COUNT I
(Survival Action/Assault & Battery)

11. Defendant District denies the allegations in paragraph 11.

12. Defendant District denies the allegations in paragraph 12.

## COUNT II
(Survival Action/Negligence)

13. The allegations in paragraph 13 are the legal conclusions of the pleader to which no response is required.

14. Defendant District denies the allegations in paragraph 14.

   a. Defendant District denies the allegations in paragraph 14a,

   b. Defendant District denies the allegations in paragraph 14b.

   c. Defendant District denies the allegations in paragraph 14c.

   d. Defendant District denies the allegations in paragraph 14d.

   e. Defendant District denies the allegations in paragraph 14e.

   f. Defendant District denies the allegations in paragraph 14f.

   g. Defendant District denies the allegations in paragraph 14g.

   h. Defendant District denies the allegations in paragraph 14h.

   i. Defendant District denies the allegations in paragraph 14i.

15. Defendant District denies the allegations in paragraph 15.

## COUNT III
(Negligent Hiring/Training/Retention/Supervision)

16. The allegations in paragraph 16 are the legal conclusions of the pleader to which no response is required.

17. Defendant District denies the allegations in paragraph 17.

18. Defendant District denies the allegations in paragraph 18.

19. Defendant District denies the allegations in paragraph 19

## COUNT IV
(Negligent Retention/Enforcement)

20. The allegations in paragraph 20 are the legal conclusions of the pleader to which no response is required.

21. Defendant District admits the allegations in paragraph 21.

22. The allegations in paragraph 22 are the legal conclusions of the pleader to which no response is required.

23. The allegations contained within paragraph number 23 are the legal conclusions of the pleader to which no response is required by this Defendant District.

24. Defendant District denies the allegations in paragraph 24.

25. Defendant District denies the allegations in paragraph 25.

26. Defendant District denies the allegations in paragraph 26.

## COUNT V
(Breach of Fiduciary Duty)

27. The allegations contained within paragraph 27 are the legal conclusions of the pleader to which no response is required.

28. The allegations contained within paragraph 28 are the legal conclusions of the pleader to which no response is required.

29. The allegations contained within paragraph 29 are the legal conclusions of the pleader to which no response is required by this Defendant District.

30. Defendant District denies the allegations in paragraph 30.

31. Defendant District denies the allegations in paragraph 31.

32. Defendant District denies the allegations in paragraph 32.

## **COUNT VI**
(Violation of Constitutional Rights- 42 U.S.C. § 1983)

33. The allegations contained within paragraph 33 are the legal conclusions of the pleader to which no response is required.

34. The allegations contained within paragraph 34 are the legal conclusions of the pleader to which no response is required.

35. The allegations contained within paragraph 35 are the legal conclusions of the pleader to which no response is required.

36. The allegations contained within paragraph 36 are the legal conclusions of the pleader to which no response is required by this Defendant District.

37. The allegations contained within paragraph 37 are the legal conclusions of the pleader to which no response is required.

38. Defendant District denies the allegations in paragraph 38.

    a. Defendant District denies the allegations in paragraph 38a.

    b. Defendant District denies the allegations in paragraph 38b.

    c. Defendant District denies the allegations in paragraph 38c.

    d. Defendant District denies the allegations in paragraph 38d.

    e. Defendant District denies the allegations in paragraph 38e.

    f. Defendant District denies the allegations in paragraph 38f.

    g. Defendant District denies the allegations in paragraph 38g.

39. Defendant District denies the allegations in paragraph 39.

40. Defendant District denies the allegations in paragraph 40.

41. Defendant District denies the allegations in paragraph 41.

42. Defendant District denies the allegations in paragraph 42.

43. Defendant District denies the allegations in paragraph 43.

44. Defendant District denies the allegations in paragraph 44.

45. Defendant District denies the allegations in paragraph 45.

## COUNT VII
(Punitive Damages)

46. The allegations contained within paragraph 46 are the legal and/or factual conclusions of the pleader to which no response is required.

47. Defendant District denies the allegations in paragraph 47.

48. Defendant District denies the allegations in paragraph 48.

49. Defendant District denies the allegations in paragraph 49.

50. Defendant District denies the allegations in paragraph 50.

51. Defendant District denies the allegations in paragraph 51.

## COUNT VIII
(Violation of Statutory Rights – D.C. Code § 7-1305 et. seq.)

52. The allegations contained within paragraph 52 are the legal conclusions of the pleader to which no response is required.

53. Defendant District denies the allegations in paragraph 53.

54. Defendant District denies the allegations in paragraph 54.

55. No response is required to the averments in paragraph 55 as it only contains plaintiff's statements of what she seeks from the herein named defendants.

## COUNT IX
(Violation of Statutory Rights – D.C. Code § 44-1004)

56. The allegations contained within paragraph 56 are the legal conclusions of the pleader to which no response is required.

57. Defendant District denies the allegations in paragraph 57.

58. Defendant District denies the allegations in paragraph 58.

59. Defendant District denies the allegations in paragraph 59.

60. No response is required to the averments in paragraph 60 as it only contains plaintiff's statements of what she seeks from the herein named defendants.

## COUNT X
(Lack of Informed Consent)

61. The allegations contained within paragraph 61 are the legal conclusions of the pleader to which no response is required.

62. Defendant District denies the allegations in paragraph 62.

63. Defendant District denies the allegations in paragraph 63.

Further answering the complaint, all allegations not specifically admitted herein are denied.

**Third Defense**

Plaintiff cannot prove facts sufficient to maintain a constitutional cause of action against Defendant District pursuant to the Fourth and Fifth Amendments under 42 U.S.C. § 1983.

**Fourth Defense**

Plaintiff's claims do not rise to the level of a constitutional violation committed by defendant District.

### Fifth Defense

Plaintiff cannot establish that any injuries to Michael Gibson resulted from any District custom, policy and/or practice.

### Sixth Defense

Any actions taken by Defendant District's employees who were in engaged in the scope of employment, were taken in good faith and with a reasonable belief in their lawfulness, and/or the actions taken by the Defendant District's employees, engaged in the scope of employment, may have been the result of privilege.

### Seventh Defense

The actions of Defendant District, through its employees, complied with all applicable laws and met or exceeded all applicable standards of care.

### Eighth Defense

Defendant District's alleged actions or inactions were not the proximate cause of Michael Gibson's death.

### Ninth Defense

Plaintiff may have failed to comply with the requirements of D.C. Official Code § 12-309.

### Tenth Defense

The statute of limitations and/or laches may bar all or part of plaintiff's claims.

### Eleventh Defense

If Michael Gibson was injured and damaged as alleged in the complaint, such injuries and damages may have been the result of his own sole or contributory negligence and/or his assumption of the risk, and/or the acts of a third party for whom this defendant bears no liability.

### Twelfth Defense

This action may be barred by the public duty doctrine.

### Thirteenth Defense

Punitive damages may not be recovered against Defendant District.

### Set-off

Defendant District asserts a set-off for all funds and services provided to the plaintiff through Medicare, Medicaid, public assistance, or other sources.

### Jury Trial Demand

Defendant District demands a trial by a jury of twelve (12).

Defendant District reserves the right to amend its Answer should facts learned in discovery so warrant.

WHEREFORE, having fully answered, Defendant District urges the Court to dismiss the Complaint with prejudice and award costs and attorney's fees to Defendant District.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        _____\s_____
        PATRICIA A. JONES [428132]
        Chief, General Litigation Sec. IV

By:    _____\s_____
        MICHAEL BRUCKHEIM [455192]
        ZUBERI WILLIAMS[1]
        Assistant Attorney General
        441 4th Street, N.W.
        Washington, D.C. 20001
        (202)724-6649; (202)724-6650; (202) 727-6295
        Facsimile:    (202) 727-3625
        E-mail: Michael.bruckheim@dc.gov;
        Zuberi.williams@dc.gov

---

[1] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR 83.2.